IN RE BAKER: THE STATE OF OHIO, APPELLEE, *v.* BAKER, APPELLANT.

[Cite as In re Baker, 20 Ohio St. 2d 142.]

(No. 69-239—Decided December 23, 1969.)

*Mr. Forrest P. Moore,* prosecuting attorney, for appellee.

*Mr. George E. Tyack* and *Mr. Thomas M. Tyack,* for appellant.

CORRIGAN, J. One issue presented in this appeal by the certification of the cause to this court by the Court of Appeals is whether Section 2151.35 (E), Revised Code, under which appellant was committed to the Ohio State Reformatory, is constitutional. However, the disposition of other errors assigned by appellant in respect to the application of Section 2151.35 (E), Revised Code, in this case makes it unnecessary for us to pass upon the constitutionality of that subsection.

We do note, in passing, that the language of the subsection in question is no longer in effect. Section 2151.35, Revised Code, was repealed by the General Assembly, effective November 19, 1969, and the language of former Section 2151.35 (E) is now found in Section 2151.355 (E), Revised Code, which provides that upon a finding of delinquency the Juvenile Court may "commit a male child sixteen years of age or over who has committed an act which if committed by an adult would be a felony to a maximum security institution operated by the Department of Mental Hygiene and Correction, for the training and rehabilitation of such delinquent children."

The errors which are dispositive of this appeal relate to the Juvenile Court's determination that appellant was guilty of acts which if committed by an adult would be a felony.

The primary argument in this respect is that the substance which appellant sold to other juveniles, although it contained ingredients which are defined as poisons under Section 3719.32, Revised Code, is not a hallucinogen and a person who makes such a product available to another

does not violate the provisions of Section 3719.42 or 3719.-44, Revised Code, and therefore does not commit a felony.

The substance in question bears the trade name, Asthmador. It is designed to be burned and the fumes inhaled for relief of certain respiratory disorders. Asthmador contains belladonna and stramonium, and it can be bought without a prescription.

Section 3719.32, Revised Code, reads, in part:

"No person shall knowingly sell or deliver to any person otherwise than in the manner prescribed by law, or sell or deliver to a minor under sixteen years of age in the manner prescribed by law but without the written order of an adult, any of the following substances or any poisonous compounds, combinations, or preparations thereof: * * * belladonna * * * stramonium * * *."

It is clear from the record that Asthmador is a patent or proprietary medicine containing the above prohibited substances and that in delivering it to others appellant violated the provisions of Section 3719.32, Revised Code. Such violation was sufficient to support the Juvenile Court's finding of delinquency under Section 2151.02 (D), Revised Code. However, violation of Section 3719.32, Revised Code, is not a felony. See Section 3719.99 (L), Revised Code.

Further, if Asthmador is not a hallucinogen, as defined in Section 3719.40, Revised Code, the illegal sale of which is a felony (Sections 3719.44 and 3719.99, Revised Code), appellant's acts did not constitute a felony.

Two expert witnesses, one a pharmacist and the other a doctor, testified on the subject of whether Asthmador is a hallucinogen.

The pharmacist, who is also a chemist for the Ohio Department of Agriculture, testified that a nearly fatal dose of Asthmador would have to be taken before hallucinations would result. On cross-examination, he was asked whether Asthmador is considered in the field of pharmacy as a hallucinogenic. The answer given was "no."

On direct examination, the doctor was asked if Asthmador taken orally in quantities approximating a teaspoon

would produce hallucinations. The response was that "in the average susceptible individual this would cause hallucinations and *could be,* therefore, termed a hallucinatory drug." (Emphasis added.)

Thus, the testimony as to whether Asthmador is a hallucinatory drug did not establish that it is. Such being the case, there was a failure of proof that the acts committed by appellant would have been a felony if committed by an adult. Therefore, the Juvenile Court prejudicially erred in committing appellant to the reformatory.

Appellant's last claim of error is that a can of Asthmador introduced into evidence was obtained by means of a search incident to an unlawful arrest.

At the trial, there was evidence that a "brown powder" or "greenish brown powder" was sold to other juveniles by appellant. One of the youths testified that he turned over a package of this powder to the police. The chemist for the Department of Agriculture testified to the effect that the powder contained in the package was Asthmador. This provided sufficient evidence to the court to support its finding that quantities of Asthmador were delivered by appellant to others. Even if the admission in evidence of the can seized from appellant was erroneous, in the light of the record its admission did not prejudice appellant.

From the foregoing it is our determination that that part of the judgment of the Court of Appeals affirming the Juvenile Court's finding of delinquency is affirmed, and that that part of the judgment affirming the commitment of appellant to the Ohio State Reformatory is reversed, and the cause is remanded to the Juvenile Court for the resentencing of appellant according to law.

*Judgment affirmed in part and reversed in part.*

TAFT, C. J., MATTHIAS, O'NEILL, SCHNEIDER, HERBERT and DUNCAN, JJ., concur.