THE STATE OF OHIO, APPELLEE, *v.* GRADY, APPELLANT.

(No. 43425—Decided October 1, 1981.)

Mr. *John T. Corrigan,* prosecuting attorney, for appellee.

Mr. *Hyman Friedman,* county public defender, and Ms. *Mary Ann Rini,* for appellant.

PRYATEL, J. Appellant, Michael Grady, takes this appeal from a commitment to ten days in county jail following a finding of delinquency by the juvenile court on January 29, 1981.

On November 12, 1980, a complaint was filed alleging that appellant, age about seventeen, had unlawfully retained or disposed of a Moped bicycle belonging to another which he had "reasonable cause" to believe had been stolen (R.C. 2913.51, receiving stolen property).

On January 29, 1981 (after appellant became eighteen years of age), this matter was heard before a judge in juvenile court. Appellant, who appeared with his mother and was represented by counsel, denied the charges. The judge found that appellant was a "delinquent child" and after a dispositional hearing imposed a ten-day confinement to county jail. Appellant petitioned for a stay of execution of sentence and release on bond pending appeal on January 30, 1981. With only four days remaining in the initial sentence, the court granted bond and released the appellant.

Appellant cites one assignment of error:

"The court erred in committing a child who remained under the jurisdiction of juvenile court to a determinate sentence in county jail."

Appellant argues that his commitment to the county jail as a place intended for incarceration of adult offenders for a determinate ten-day period is in violation of R.C. Chapter 2151 on juvenile court proceedings, and further is a violation of his rights under the Eighth Amendment to the United States Constitution forbidding "cruel and unusual punishment."

In juvenile proceedings governed by R.C. Chapter 2151, a "child," as defined by R.C. 2151.011(B)(1), is:

"* * * a person who is under the age of eighteen years, with the exception that any child who violates a federal or state law or municipal ordinance prior to attaining eighteen years of age shall be deemed a 'child' irrespective of his age at the time the complaint is filed or hearing had thereon."

Since both parties concede that appellant was seventeen at the time of committing the delinquent act, he is clearly a "child" for purposes of R.C. Chapter 2151, notwithstanding the fact that by the date of the hearing he was eighteen years of age. His having attained the age of eighteen would have been relevant only if juvenile court had chosen to relinquish jurisdiction to the court of common pleas for appellant to stand trial for a felony as an adult offender under R.C. 2151.26. Since the juvenile court did not relinquish jurisdiction, R.C. 2151.26(E) applies.[1] Hence, the court was bound to treat appellant as a juvenile offender notwithstanding the fact that he had turned eighteen before the hearing.

The applicable statute governing the disposition of a child adjudged delinquent is R.C. 2151.355, and not R.C. 2151.312 as cited by appellant since the latter statute provides only for pre-dispositional detention[2] of children, not post-dispositional commitment.

When a child is found to be delinquent as in the case *sub judice,* the court must determine his disposition by adhering to the options enumerated in R.C. 2151.355, as pertinently follow:

"(A) If a child is found by the court to be a delinquent child, the court may make any of the following orders of disposition:

"(1) Any order that is authorized by section 2151.353 of the Revised Code;

"(2) Place the child on probation under any conditions that the court prescribes;

"(3) Commit the child to the temporary custody of any school, camp, institution, or other facility for delinquent children operated for the care of delinquent children by the county, by a district organized under section 2151.34 or 2151.65 of the Revised Code, or by a private agency or organization, within or without the state, that is authorized and qualified to provide the care, treatment, or placement required;

"(4) Commit the child to the legal custody of the Ohio youth commission;

"(5) Commit a child sixteen years of age or over who has committed an act that if committed by an adult would be a felony to a maximum security institution operated by the Ohio youth commission for the training and rehabilitation of such delinquent children;

"(6) Impose a fine not to exceed fifty dollars and costs;

"(7) Require the child to make restitution for all or part of the property damage caused by his delinquent act and for all or part of the value of the property that was the subject of any delinquent act that he committed and that would be a theft offense, as defined in division (K) of section 2913.01 of the Revised Code, if committed by an adult. If the court determines that the victim of the child's delinquent act was sixty-five years of age or older or permanently and totally disabled at the time of the commission of the act, the court shall, regardless of whether or not the child knew the age of the victim, consider this fact in favor of imposing restitution, but that fact shall not control the decision of the court.

"(8) Suspend or revoke the operator's license issued to the child, or suspend or revoke the registration of all motor vehicles registered in the name of the child;

---

[1] R.C. 2151.26(E) provides in part:

"No child, either before or after reaching eighteen years of age, shall be prosecuted as an adult for an offense committed prior to becoming eighteen, unless the child has been transferred as provided in this section. * * *"

[2] In the Revised Code "detention" is a term precisely limited to "* * * the temporary care of children in restricted facilities *pending* court adjudication or disposition." (Emphasis added.) R.C. 2151.011(B)(3).

"(9) Make any further disposition that the court finds proper."

The reference in R.C. 2151.355(A)(1) to R.C. 2151.353, incorporating the several options for disposition of neglected or dependent children, is not pertinent to our case since those options concern placing the child in the temporary or permanent custody of various parties including his own parents, not the option of incarceration as selected by the judge here.

We note that the various specific options in R.C. 2151.355 do not include incarceration in a jail for adult offenders. To the contrary, the most closely analogous provision, R.C. 2151.355(A)(5), commitment to a maximum security institution, applies only where the child's conduct would be a felony if committed by an adult,[3] and is further qualified as commitment for "the training and rehabilitation" of such child under the auspices of the Ohio Youth Commission.

Ostensibly, the only option whereby the court could have sentenced appellant to incarceration in jail is therefore R.C. 2151.355(A)(9), which permits the court to make "* * * any further disposition that* * * [it] finds proper."[4] This provision (formerly R.C. 2151.355[I]) allows the court to exercise discretion in making an alternative disposition for a delinquent juvenile, but that exercise of discretion is not unlimited. The choice of places to which a court can send a juvenile offender is essentially a legislative rather than a judicial prerogative. See *In re Baker* (1969), 18 Ohio App. 2d 276, at 282 [47 O.O.2d 411], modified on other grounds (1969), 20 Ohio St. 2d 142 [49 O.O.2d 473]. In short, the court's authority to make "any further disposition" has been ruled to be confined to a choice of dispositions provided for in other statutes of the Juvenile Code. *In re Cox* (1973), 36 Ohio App. 2d 65, at 68 [65 O.O.2d 51]. Not to so construe this provision would emasculate all the dispositional options specifically enumerated in the Juvenile Code.

As pertinent to our case, the only statutory references in R.C. Chapter 2151 to housing juveniles in a jail or other facility for incarceration of adults arise in the context of detentional placements, pending hearing and final disposition. These laws either prohibit such incarceration altogether (R.C. 2151.312[B]) or else countenance confinement only after the statutory requisites are met (R.C. 2151.312[A][4]). Indeed, R.C. 2151.312(A)(4) restricts the temporary use of adult facilities to house children alleged to be delinquent (that is, prior to a hearing) to the following exceptional circumstances:

"A child may be detained in jail or other facility for detention of adults only if the facility in division (A)(3)[5] of this section is not available and the detention is in a room separate and removed from those for adults. The court may order that a child over the age of fifteen years be detained in a jail in a room separate and removed from adults if public safety and

---

[3] Since the court made no finding as to the value of the stolen property, we cannot determine whether appellant's act, if committed by an adult, would be classified as a misdemeanor or a felony under R.C. 2913.51. The state incorrectly refers to this stolen property, a Moped bike, as a "motor vehicle." While it is true that the theft of a *motor vehicle* is automatically a felony under R.C. 2913.51, motorized bicycles are specifically excluded from the statutory definition of "motor vehicle" in R.C. 4501.01.

[4] We would construe this general option in like vein to options (1) through (8) of R.C. 2151.355(A), to wit, a particularized response to the juvenile offender such as an order to enroll in a drug treatment program, or an order to visit the emergency room of a hospital for five weekends to observe the results of reckless driving, *etc.*

[5] R.C. 2151.312(A)(3) refers to "[a] detention home or center for delinquent children * * *."

protection reasonably require such detention." R.C. 2151.312(A)(4).

The philosophy inherent in juvenile proceedings in Ohio is embodied in the often-repeated maxim that rehabilitation and not punishment is the goal of the juvenile justice system. *Cope* v. *Campbell* (1964), 175 Ohio St. 475 [26 O.O.2d 88]; *In re Haas* (1975), 45 Ohio App. 2d 187, 188 [74 O.O.2d 231]. The Supreme Court in the case of *In re Agler* (1969), 19 Ohio St. 2d 70, at page 72 [48 O.O.2d 85], traced the development of this philosophy over the preceding century, quoting with approval from *Prescott* v. *State* (1869), 19 Ohio St. 184, at page 188:

" 'The proceeding [in juvenile court] is purely statutory; and the commitment, in cases like the present, is not designed as a punishment for crime, but to place minors of the description, and for the causes specified in the statute, under the guardianship of the public authorities named, for proper care and discipline, until they are reformed, or arrive at the age of majority. The institution to which they are committed is a school, not a prison; nor is the character of their detention affected by the fact that it is also a place where juvenile convicts may be sent, who would otherwise be condemned to confinement in the common jail or the penitentiary.' * * *"

Any disposition which results in the incarceration of a juvenile offender in a jail or other adult facility is contrary to the rehabilitative approach to juvenile proceedings contemplated above. In the instant case, we are unable to see how a ten-day incarceration in the county jail can be regarded as "under the guardianship of the public authorities [specified in the statute] for proper care and discipline. * * *"[6]

We conclude that commitment to a jail for adult offenders is not a proper disposition for a delinquent juvenile absent a finding that housing in an appropriate juvenile facility is unavailable or that the public safety and protection so require. In so holding, we are mindful of the special circumstances in the case of *In re Cox, supra* (36 Ohio App. 2d 65 [65 O.O.2d 51]), where the appellate court upheld the juvenile court's sentence to a term in county jail of two men, ages twenty-one and twenty-two, who had been adjudged delinquent four years earlier, and then had fled the jurisdiction in defiance of a court order. The court in *Cox* found that under those special circumstances those two offenders did not fall within the statutory definition of "children" in R.C. 2151.011(B)(1), and hence were not entitled to the protections and safeguards of R.C. Chapter 2151:

"We feel that appellants had their opportunity to take advantage of the protective provisions of R.C. Chapter 2151 in 1968 by complying with the order of the juvenile court to report to the Ohio youth commission. We hold that when a child as defined by R.C. 2151.011(B)(1), who has been adjudicated a delinquent, leaves the jurisdiction of the juvenile court so that such court can not dispose of his case until he is over twenty-one years of age, he is an adult within the meaning of R.C. 2151.01.

"We feel that this holding conforms with the legislative intent of R.C. Chapter 2151. In addition, we feel that appellants are estopped from claiming the protective provisions of R.C. Chapter 2151 pertaining to persons under eighteen years of age when they contemptuously defied the order of the juvenile court to report to the Ohio youth commission by leaving the jurisdiction of such court until they were

---

[6] In oral argument, the appellee has drawn our attention for the first time to this court's recent unreported decision in *In re Corona* (Aug. 20, 1981), Cuyahoga App. No. 40992. We have examined that case, but find that none of the issues it raises corresponds to the sole issue in the case *sub judice*.

twenty-one years old." *In re Cox, supra,* at pages 69-70.

In the *Cox* case, the defendants as juveniles were initially committed to the permanent custody of the Ohio Youth Commission, which order was never effected because of their flight. R.C. 5139.05(C) provides that the Ohio Youth Commission's custody automatically terminates when a person attains the age of twenty-one. Thus, for the court to execute the prior sentence by committing those defendants to the Ohio Youth Commission was legally untenable. Moreover, not to have sentenced these men as adults would have rewarded them for their contemptuous conduct. On the other hand, under our set of facts, appellant falls squarely within the statutory definition of "child" in R.C. 2151.011(B)(1) as a person under eighteen when the offense was committed regardless of whether he reached the age of eighteen soon afterward, that is, prior to the time either that "* * * the complaint is filed or hearing [is] had thereon." Such a juvenile is unquestionably entitled to the "protective provisions" of R.C. Chapter 2151.

In the instant case, since the court cited no reasons in support of its commitment of appellant to county jail, we find this assignment of error is well taken. Having so concluded, we do not reach the constitutional challenge based on the Eighth Amendment.

*Judgment reversed
and cause remanded.*

PARRINO and CELEBREZZE, JJ., concur.