**In re LOZANO, Appellee; OHIO DEPARTMENT OF MENTAL HEALTH, Appellant.**

[Cite as In re Lozano (1990), 66 Ohio App.3d 583.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58558.

Decided June 4, 1990.

*Martin Keenan*, for appellee.

*Stege, Delbaum & Hickman* and *Franklin J. Hickman*, for Cuyahoga County Board of Mental Retardation and Developmental Disabilities.

*Saundra Curtis–Patrick*, Assistant Prosecuting Attorney, for Cuyahoga County Department of Human Services.

*David J. Kovach*, Assistant Attorney General, for appellant.

*Per Curiam.*

Appellant Ohio Department of Mental Health ("ODMH") appeals from the judgment of the Court of Common Pleas of Cuyahoga County, Juvenile Division, which ordered ODMH to pay for the private psychiatric care of Juan Lozano as provided by the John Bosco Program at Parmadale Children's Village.

In the spring of 1989, Juan Lozano, a seventeen-year-old who suffered from a mild form of mental retardation, began to experience increased aggressive behavior toward himself, his mother, and school officials. Several incidents of aggressive behavior resulted in the admission of Juan Lozano to the Hanna Pavilion.

On April 28, 1989, the Cuyahoga County Board of Mental Retardation and Developmental Disabilities ("county board") filed a complaint for dependency in the Court of Common Pleas of Cuyahoga County, Juvenile Division, with regard to Juan Lozano. The county board, through the complaint for dependency, sought to have custody of Juan Lozano placed in the Cuyahoga County Department of Human Services ("county department") so that Juan Lozano could be admitted to the John Bosco Program located at Parmadale Children's

Village. The complaint further alleged that the mother of Juan Lozano was unable to pay for needed psychiatric treatment and that the John Bosco Program was the least restrictive alternative available and in the best interest of the child.

On May 18, 1989, a hearing was held with regard to the complaint for dependency. At the conclusion of the hearing, the trial court ordered that: (1) ODMH and the Ohio Department of Mental Retardation and Developmental Disabilities ("ODMRDD") be joined as parties; (2) joint emergency custody be shared by ODMH, the county department and ODMRDD; (3) Juan Lozano be placed in the John Bosco Program at Parmadale Children's Village; and (4) costs of placement be shared by ODMH (fifty percent), the county department (twenty-five percent) and ODMRDD (twenty-five percent).

On June 14, 1989, ODMH filed a motion to vacate the trial court's journal entry of May 18, 1989, on the basis that: (1) R.C. 2151.353, as amended by Am.Sub. S.B. No. 89, removed from the juvenile court the power to commit a child to the temporary custody of the state; and (2) the juvenile court lacked jurisdiction to order the state of Ohio to pay the costs of a child's care in a private program such as the John Bosco Program.

On August 29, 1989, the juvenile court issued its final order with regard to the dependency of Juan Lozano and held that:

(1) Juan Lozano suffers from a continuing psychiatric disability identified as bipolar disorder and intermittent explosive disorder which is characterized by mood swings and physically aggressive behavior directed toward himself, his mother, and others;

(2) As a result of the psychiatric disability and mental retardation of Juan Lozano, residential care outside the home of his mother is necessary;

(3) Juan Lozano is to remain in the legal custody of his mother for placement in the John Bosco Program at Parmadale Children's Village subject to the protective supervision of the county department; and

(4) Per diem costs payable to the John Bosco Program as follows: (a) ODMH to pay all costs attributed to the provision of therapy and therapeutic supervision; (b) the county board to pay all costs attributed to case management; (c) the county department to pay all other costs for the care of Juan Lozano while in placement; and (d) Lakewood School District to pay the educational costs.

Thereafter, the instant appeal was brought from the juvenile court's final order which required ODMH to pay for the psychiatric treatment of Juan Lozano while placed in the John Bosco Program at Parmadale Children's Village.

The sole assignment of error of ODMH is that:

"The juvenile court committed reversible error when it ordered the Ohio Department of Mental Health to pay all therapeutic costs attendant to the care rendered to respondent at the John Bosco Program at Parmadale Children's Village."

Specifically, ODMH argues that the juvenile court did not possess the statutory authority to require ODMH to pay the psychiatric costs associated with the care of a child who is placed in a private, non-public psychiatric institution.

This assignment of error is well taken.

The assignment of error is entirely premised upon the case of *In re Hamil* (1982), 69 Ohio St.2d 97, 23 O.O.3d 151, 431 N.E.2d 317. The Supreme Court of Ohio, in *Hamil,* held that:

"The Juvenile Court acts beyond the scope of its jurisdiction when it orders the Ohio Department of Mental Health to pay the cost of care of a child placed in a private, non-public psychiatric hospital." *Id.* at syllabus.

*In re Hamil, supra,* is applicable to the case *sub judice.* The Supreme Court of Ohio in *Hamil* specifically dealt with the psychiatric treatment of a child in a private institution vis-a-vis the trial court's concurrent juvenile and probate authority as found in R.C. Chapters 2151, 5122 and 5123.

Although the state legislature has amended R.C. Chapters 2151, 5122 and 5123 since the decision of *In re Hamil, supra,* a review of these chapters fails to disclose that the trial court possesses the authority to require ODMH to bear the costs associated with the psychiatric treatment of a child in a private institution.

In addition, R.C. 2151.36, which deals with the ability of a trial court to order support (care, maintenance, education, and medical treatment) for a child who has been determined to be dependent, neglected, abused, unruly, or delinquent provides in pertinent part that:

"*Any expense ordered by the court for the care, maintenance, and education of dependent, neglected, abused, unruly, or delinquent children, or for orthopedic, medical or surgical treatment, or special care of such children under this chapter, except the part of the expense as may be paid by the state or federal government,* shall be paid from the county treasury upon specifically itemized vouchers, certified to by the judge. The court shall not be responsible for any expense resulting from the commitment of children to any home, public children services agency, private child placing agency, or other institution, association, or agency, unless such expense has been authorized by the court at the time of commitment." (Emphasis added).

R.C. 2151.36 does not provide the trial court with the statutory authority to require the state of Ohio (ODMH) to provide for the psychiatric treatment of a child in a private institution. In addition, a review of R.C. Chapter 2151, which deals with the powers and jurisdiction of a juvenile court, fails to disclose the existence of any statutory authority which would allow the trial court to order ODMH to bear the expenses of such private treatment. Clearly, R.C. Chapter 2151, and specifically R.C. 2151.36, provide that the expense of the psychiatric treatment of a child in a private institution must be borne by the county treasury. Cf. *In re Parker* (1982), 7 Ohio App.3d 38, 7 OBR 41, 453 N.E.2d 1285.

Therefore, the judgment of the trial court which required ODMH to bear the costs of the psychiatric treatment of Juan Lozano in a private institution is reversed. The matter is remanded to the trial court for the reassessment of costs in conformity with this opinion.

*Judgment reversed*
*and cause remanded.*

PATTON, P.J., MATIA and KRUPANSKY, JJ., concur.

KRUPANSKY, Judge, concurring.

I concur in the majority opinion. However, I write separately to clarify the interpretation of R.C. 2151.36. R.C. 2151.36 provides in relevant part as follows:

"*Any expense ordered by the court* for the care, maintenance, and education of dependent, neglected, abused, unruly, or delinquent children, or for orthopedic, medical or surgical treatment, or special care of such children under this chapter, except the part of the expense as may be paid by the state or federal government, *shall be paid from the county treasury* upon specifically itemized vouchers, certified to by the judge." (Emphasis added.)

The statute clearly requires the expenses *shall* be paid from the county treasury. The only exception is made for those expenses "as *may* be paid by the state or federal government." Nowhere in the statute can an authorization be found that would permit the juvenile court to require a state agency to pay any part of the costs. Rather, the statute merely recognizes there will be times a state or federal agency may elect to allocate funds that can be used. In those cases, however, it is the agency electing and not the courts ordering the allocation of funds.

To hold otherwise would put the agencies in the untenable position of having eighty-eight counties deciding and ordering how the agency's money will be spent.