**In re SANDERS.**

[Cite as *In re Sanders* (1991), 72 Ohio App.3d 655.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57460.

Decided Feb. 25, 1991.

*Lynn Hall,* Assistant Public Defender, for appellee.

*Lee I. Fisher,* Attorney General, *William Avery* and *David J. Kovach,* Assistant Attorneys General, for appellant.

*Stephanie Tubbs Jones,* Prosecuting Attorney, and *Colleen Cooney,* Assistant Prosecuting Attorney, for State of Ohio.

NAHRA, Judge.

The Ohio Department of Youth Services appeals from a juvenile court order committing Reginald Sanders to his probation officer for placement at a private institution in Pennsylvania, and ordering the department to pay the full cost of his care. For the reasons set forth below, we reverse.

Sanders was adjudged delinquent in 1987 and committed to the department. He obtained early release in 1988. Three months later, the department filed a

complaint for violation of his parole, and the juvenile court found Sanders to be in violation of his parole. The court ordered Sanders to be committed to his probation officer for placement at Glen Mills School pursuant to R.C. 2151.38(B)(2)(c) and 2151.355(A)(10). The court also ordered the department to pay the full cost of his care pursuant to R.C. 2151.36.

The department appealed these orders, and the Cuyahoga County Board of Commissioners filed an *amicus* brief urging affirmance of the order.

## I

Appellant's first assignment of error reads as follows:

The juvenile court lacked jurisdiction to order the Ohio Department of Youth Services to place Reginald Sanders at the Glen Mills School, a private out-of-state school.

R.C. 2151.355(A) lists the orders of disposition which the juvenile court can make upon finding a child delinquent. These options include making any order allowed by R.C. 2151.353 for abused, neglected or dependent children; imposing a fine; restitution; probation; suspension of a driver's license; committing temporary custody to a facility for delinquent children; and committing the child to the department of youth services for institutionalization. R.C. 2151.355(A)(10) allows the juvenile court to make "any further disposition that the court finds proper * * *."

In *State v. Grady* (1981), 3 Ohio App.3d 174, 3 OBR 199, 444 N.E.2d 51, this court held in the syllabus that the subsection of R.C. 2151.355 allowing the court to make "any further disposition that the court finds proper" does not "authorize the court to exercise unlimited discretion in sentencing a delinquent child." The court went on to state that the "choice of places to which a court can send a juvenile offender is essentially a legislative rather than a judicial prerogative * * *. In short, the court's authority to make 'any further disposition' has been ruled to be confined to a choice of dispositions provided for in other statutes of the Juvenile Code (citations omitted)." *Id.* at 176, 3 OBR at 201, 444 N.E.2d at 53. Subsection (D)(1) of R.C. 2151.355 prohibits the court from designating "the specific institution in which the child is to be placed by the department," allowing it only to specify institutionalization in a secure facility. Therefore, the court cannot place a child in a specific school when it commits a child to the department pursuant to R.C. 2151.355.

R.C. 2151.38(B)(2)(c) addresses the disposition of parole violators such as Sanders. It provides in part that the court may order a parole violator "to be returned to the department for institutionalization or institutionalization in a secure facility, consistent with the original order of commitment of the child,

or in any case, [the court] may make any other disposition of the child authorized by law that the court considers proper." "Original order of commitment" and "any other disposition * * * authorized by law" refer back to the original disposition provisions of R.C. 2151.355. Therefore, in disposition orders for parole violators, the court may reinstate the original order of commitment for institutionalization, or choose any of the other disposition options which were originally available to it pursuant to R.C. 2151.355. See Kurtz & Giannelli, Ohio Juvenile Law (2 Ed.1989) 208–209, Section 15.01(C). Kurtz & Giannelli also notes that this interpretation is consistent with R.C. 2951.09, which provides that the court may impose any sentence which it could have imposed originally on an adult parole violator. *Id.* at fn. 36. Since R.C. 2151.355(D)(1) prohibits the court from placing the child in a specific facility when originally committed, that same prohibition applies to the disposition of parole violators.

This interpretation is also consistent with two sections of R.C. Chapter 5139. R.C. 5139.01(A)(3) defines legal custody as follows:

" 'Legal custody,' insofar as it pertains to the status which is created when a child is permanently committed to the department of youth services, means a legal status wherein the department has the following rights and responsibilities: the right to have physical possession of the child; the right and duty to train, protect, and control him; the responsibility to provide him with food, clothing, shelter, education, and medical care; and the right to determine where and with whom he shall live, subject to the minimum periods of institutional care prescribed in section 2151.355 of the Revised Code; provided, that these rights and responsibilities are exercised subject to the powers, rights, duties and responsibilities of the guardian of the person of the child, and subject to any residual parental rights and responsibilities."

Since the department had legal custody of Sanders when the court found him to be in violation of his parole, then pursuant to the above, the department, and not the court, had the right to "determine where and with whom" Sanders should live.

Likewise, R.C. 5139.06 provides in pertinent part that:

"(A) When a child has been committed to the department of youth services it shall:

"(1) Place him in an appropriate institution under such condition as it considers best designed for the training and rehabilitation of the child and the protection of the public, provided that the institutional placement shall be consistent with the order committing the child to its custody"; or maintain the child in institutional care. This section specifically assigns responsibility for placement to the department.

Therefore, since the applicable statutes prohibit the juvenile court from placing a child in a specific school, and instead place that responsibility with the department, the trial court erred in ordering Sanders to Glen Mills School. Appellant's first assignment of error is well taken.

## II

Appellant's second assignment of error reads as follows:

"The juvenile court lacked jurisdiction to order the Ohio Department of Youth Services to bear the full costs of Reginald Sanders' placement at an out-of-state private school."

The county argues that the department has legal custody of Sanders, and is therefore required to pay for his care pursuant to R.C. 5139.01(A)(3) and 2151.36. Since Sanders was previously committed to the department and never discharged, the department has legal custody of Sanders pursuant to R.C. 5139.01(A)(6). However, because the department retains legal custody, it alone could designate placement of Sanders. See R.C. 5139.01(A)(3) and 5139.06(A)(1). The trial court under R.C. 2151.38(B)(2)(c) could not exceed its original authority after parole violation. Therefore, the trial court exceeded its authority by sending Sanders to Glen Mills School which is located outside Ohio.

Since the juvenile court exceeded its authority by sending Sanders to Glen Mills School, it would be unfair to force the department to pay for the court's mistake. Accordingly, pursuant to R.C. 2151.36, the expense was neither authorized by statute nor has the department elected to pay the expense; therefore, the cost must be assessed to the county treasury. See *In re Lozano* (1990), 66 Ohio App.3d 583, 587, 585 N.E.2d 889, 892 (Krupansky, J., concurring).

This case is reversed and remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

KRUPANSKY, P.J., concurs.

VICTOR, J., dissents.

WILLIAM H. VICTOR, J., retired, of the Ninth Appellate District, sitting by assignment.