ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Local Rule 25, the record from the Cuyahoga County Court of Common Pleas Division of Domestic Relations, the briefs and the oral arguments of counsel.
Defendant-appellant David Drucker (husband) appeals the order of the trial court finding Ohio to be an inconvenient forum and transferring the matter to Arizona.
The record reveals that husband and plaintiff-appellee Cathy Drucker (wife) were divorced on April 2, 1998. However, issues of child and spousal support were left unsettled. The same month the trial court issued the divorce decree, wife and the parties' two minor children relocated to Arizona. Subsequently, a hearing on the support issues was held and the trial court issued an order settling the matters.[1]
On December 30, 1999, wife filed a motion to declare Ohio an inconvenient forum and to transfer all proceedings to Arizona. In response, husband filed a brief in opposition on January 11, 2000. That same day the trial court issued an order granting wife's motion to declare Ohio an inconvenient forum and to transfer all further proceedings to Arizona. The court stated:
 The court further finds that Ohio is an inconvenient forum and further finds that the State of Arizona, being the home state of Plaintiff and the minor children, and having closer connection with the children and the family as well as substantial evidence concerning the children's present and future care, protection, training and personal relationship is more appropriately suited to adjudicate these matters.
Husband timely filed his notice of appeal from this order and now presents two assignments of error. Husband's first assignment of error states as follows:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY USING THE UNIFORM CHILD CUSTODY JURISDICTION ACT (OHIO REVISED CODE 3109.25) AS A BASIS UPON WHICH IT TRANSFERRED A SUPPORT MODIFICATION PROCEEDING AND OTHER NON-CUSTODIAL MATTERS.
Husband maintains R.C. 3109.25 provides for transfers of custody matters based upon forum inconvenience, but it applies exclusively to custody matters, and more specifically to modification of custody. Satava v. Gerhard (1990), 66 Ohio App.3d 585. He argues a modification of custody of the two minor children was not at issue as there were no pending custody motions and the matter had been previously determined. Therefore, the trial court's decision to transfer the case must be reversed as the matter at issue was not related to custody.
The finding of an inconvenient forum is governed by R.C.3109.25 which states:
 (A) A court that has jurisdiction to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a parenting determination under the circumstances of the case and that a court of another state is a more appropriate forum.
 (B) A finding of inconvenient forum may be made upon the court's own motion or upon motion of a party or a guardian ad litem or other representative of the child.
 (C) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account, but is not limited to, any of the following factors:
 (1) If another state is or recently was the child's home state;
 (2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants;
 (3) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;
 (4) If the parties have agreed on another forum that is no less appropriate.
R.C. 3109.25(A) specifically states a court may decline to exercise its jurisdiction if it finds that it is an inconvenient forum to make a parenting determination. Construing the term parenting determination, we find that it relates to deciding custody matters. However, a child support determination does not determine parenthood or paternity, but is rather an equitable determination. This holding is supported by a case from this court, Mayor v. Mayor (1991), 71 Ohio App.3d 789, 794, which construed R.C. 3109.25 and limited it to custody determinations by stating, [A] court that has jurisdiction to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case * * *. (Emphasis added). In addition, in Satava v.Gerhard (1990), 66 Ohio App.3d 598, 601, the court expressly found that determinations as to inconvenient forums under R.C. 3109.25
relate only to custody matters by holding R.C. 3109.25 provides for transfers of custody matters based upon forum inconvenience, but it applies exclusively to custody matters. Our analysis and these two cases support the finding that R.C. 3109.25 transfers apply only to custody matters.
The record shows that husband filed four motions prior to wife filing her motion to declare Ohio an inconvenient forum. These motions included: (1) motion to decrease child support, (2) motion for protective order, (3) motion to show cause, and (4) motion to compel discovery. None of these motions involved a parenting determination.
When considering an order to transfer a case to another jurisdiction based on an inconvenient forum pursuant to R.C.3109.25, this court applies an abuse of discretion standard. In reSimons (1997), 118 Ohio App.3d 622. Because a custody matter was not at issue the trial court abused its discretion in transferring the instant case to Arizona. Accordingly, husband's first assignment of error is sustained. Pursuant to App.R. 12(A)(1)(c), we will not address husband's second assignment of error.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J., LEO M. SPELLACY, J., CONCURS.
 ______________________ JUDGE, JOHN T. PATTON
[1] This order is the subject of another appeal in this court (Case No. 76139).