## In re HENNESSEY. ■

[Cite as *In re Hennessey*, 146 Ohio App.3d 743, 2001-Ohio-2267.]

Court of Appeals of Ohio,
Third District, Mercer County.

No. 10–01–04.

Decided Sept. 13, 2001.

Andrew J. Hinders, Mercer County Prosecuting Attorney, for appellee.

Maria Santo, for appellant.

SHAW, Judge.

{¶ 1}   This is an appeal from a dispositional judgment of the Juvenile Division of the Court of Common Pleas of Mercer County.

{¶ 2}   Defendant-appellant James Hennessey ("Hennessey") was involved in a car accident, which resulted in the death of a six-year-old child.  On January 10,

2001, Hennessey entered an admission in juvenile court to vehicular manslaughter, in violation of R.C. 2903.06(A)(4), a misdemeanor of the second degree. On February 9, 2001, the juvenile court entered a dispositional judgment sentencing Hennessey to ninety days of confinement. In that judgment, the juvenile court ordered Hennessey to serve the first 38 days in the West Central Juvenile Detention Center. However, Hennessey was to turn eighteen years old on March 19, 2001. Accordingly, in its February 9, 2001 judgment of disposition, the court also ordered that on March 19, 2001, Hennessey be transferred to the Mercer County Jail to serve the final 52 days of his sentence.

{¶ 3} Hennessey's attorney made an oral motion at the dispositional hearing to suspend the sentence, which was overruled by the court. On March 12, 2001, Hennessey filed a motion to stay the balance of the execution of the commitment to the West Central Juvenile Detention Center and also to stay the execution of the county jail sentence. The motion was heard on March 15, 2001. The court denied the motion as to the confinement to juvenile detention, but granted the stay as to the sentence in the Mercer County Jail. Hennessey has since completed his commitment in juvenile detention.

{¶ 4} Hennessey now appeals both parts of the sentence asserting two assignments of error. For clarity, we will address these assignments of error in the reverse order. The second assignment of error asserts:

{¶ 5} "The trial court committed an error of law by imposing incarceration in the county jail."

{¶ 6} The purpose of the juvenile code is to provide for the care, protection, supervision, and rehabilitation of delinquent children. R.C. 2151.01(A) through (C). Pursuant to R.C. 2151.011(B)(6)(a), a "child" is a person who is under the age of eighteen years. Moreover, "any person who violates a * * * state law * * * prior to attaining eighteen years of age shall be deemed a "child" irrespective of that person's age at the time the complaint is filed or the hearing on the complaint is held."[1] R.C. 2151.011(B)(6)(b).[2]

{¶ 7} Accordingly, a child may have reached the age of eighteen at the time of *disposition* and still be deemed a child, as the statute does not expressly exclude such a finding. *In re Campbell* (June 27, 1997), Lake App. No. 96–L–133, 1997 WL 401546, at * 2.

---

1. This provision has certain exceptions; however, they are not pertinent to this case.

2. R.C. 2151.011(B)(6)(a) and (b) were formerly codified under R.C. 2151.011(B)(5)(a) and (b), respectively.

{¶ 8}  After a child is adjudicated delinquent, a trial court may choose from the dispositions listed in R.C. 2151.355 when sentencing, which include imposing a period of confinement.  The court may also "[m]ake any further disposition that the court finds proper *except that the child shall not be placed in any state correctional institution, county, multicounty, or municipal jail or workhouse, or other place in which an adult convicted of a crime, under arrest, or charged with a crime is held.*"  (Emphasis added.)  R.C. 2151.355(A)(25).

{¶ 9}  Furthermore, when committing a delinquent child, R.C. 2151.312(A) and (B) expressly permit the trial court to send the delinquent child to one of the following places:

{¶ 10}  "(1) A certified family foster home or a home approved by the court;

{¶ 11}  "(2) A facility operated by a certified child welfare agency;

{¶ 12}  "(3) Any other suitable place designated by the court;

{¶ 13}  "(B) * * * a detention home or center for delinquent children that is under the direction or supervision of the court or other public authority or of a private agency and approved by the court."

{¶ 14}  However, R.C. 2151.312(D) specifically provides:

{¶ 15}  "[A] child who is alleged to be or is adjudicated a delinquent child *may not be held in state correctional institution, county, multicounty, or municipal jail or workhouse, or other place where an adult convicted of crime, under arrest, or charged with crime is held.*"  (Emphasis added.)

{¶ 16}  Accordingly, R.C. 2151.312(D) like R.C. 2151.355(A)(25) does not permit the housing of delinquent children in any adult facility.

{¶ 17}  In this case, Hennessey was seventeen at the time he committed the offense but was to turn eighteen 38 days into his 90-day confinement.  As he was under eighteen at the time of the offense, Hennessey is a statutory "child" according to R.C. 2151.011(B)(6)(b) for the purposes of disposition/sentencing.  Accordingly, in sentencing Hennessey to juvenile confinement, the trial court is limited to sending him to the facilities listed in R.C. 2151.312, and is subject to the express restrictions of R.C. 2151.312(D) and 2151.355(A)(25).

{¶ 18}  While R.C. 2151.355 and 2151.312 provide a juvenile court with wide latitude in sentencing a delinquent child by allowing the court to make "any further disposition that the court finds proper," or to order a commitment to "[a]ny other suitable place designated by the court," these options do not include placement in an adult county jail because the plain language of R.C. 2151.355(A)(25) and 2151.312(D) prohibits the court from ordering a delinquent child to serve any time in the county jail even though he is chronologically an adult.  See *In re Campbell* (June 27, 1997), Lake App. No. 96–L–133, at 3, 1997

WL 401546; see, also, *In re Lambert* (1989), 63 Ohio App.3d 121, 122, 577 N.E.2d 1184 (agreeing that a disposition placing a child in an adult jail violates R.C. 2151.355).

{¶ 19} In asserting a conflict between the districts, appellee argues that *State v. Grady* (1981), 3 Ohio App.3d 174, 3 OBR 199, 444 N.E.2d 51, and *In re McKinley* (June 30, 1998), Belmont App. Nos. 97–BA–31 and 96–BA–4, 1998 WL 355874, should govern in this case. These cases generally found that confinement of a juvenile who had turned eighteen years of age at the time of disposition to county jail could be ordered under certain circumstances. However, both cases rely on a specific code provision that was deleted in 1990 and that had provided:

{¶ 20} "A child may be detained in a jail or another facility for detention of adults only if the facility in division (A)(3) of this section is not available and the detention is in a room separate and removed from those for adults. The court may order that a child over the age of fifteen years be detained in a jail in a room separate and removed from adults if public safety and protection reasonably require such detention." R.C. 2151.312(A)(4) (repeal effective Feb. 14, 1990).

{¶ 21} Thus, while the consideration of available sentencing alternatives and public safety by the trial court were appropriate in juvenile sentencing when this code section was valid, these provisions are no longer applicable to our case. Moreover, because the *Grady* and *McKinley* decisions were expressly based upon code language that no longer exists, we find that these cases are not in conflict with other districts or the decision of this court in this case. Therefore, pursuant to R.C. 2151.355(A)(25) and 2151.312(D), we hold that the juvenile court was without authority in this case to commit Hennessey to an adult facility as part of the disposition. See *In re Campbell* (June 27, 1997), Lake App. No. 96–L–133, at 3, 1997 WL 401546; *In re Meighen* (Oct. 3, 2000), Guernsey App. No. 00CA09, at 1, 2000 WL 1476129; *In re Willey* (Oct. 3, 2000), Guernsey App. No. 00CA04, at 1, 2000 WL 1476148.[3] Based on the foregoing, we sustain the appellant's second assignment of error.

{¶ 22} Appellant's first assignment of error states:

{¶ 23} "The trial court committed an error of law by committing the child to the West Central Juvenile Detention Facility as a dispositional order."

{¶ 24} Appellant asserts that the trial court lacks the authority to commit Hennessey to juvenile detention and that the West Central Juvenile Detention Facility does not have the substantive characteristics required for treatment. To

---

**3.** We note that in certain circumstances, R.C. Title 21 does allow the housing of juveniles in an adult facility pursuant to R.C. 2151.311(C) (if the child is being held briefly for processing purposes) and R.C. 2151.312(F) (when a case is transferred to another court for criminal prosecution).

support its claim of error, appellant relies on *In re Bolden* (1973), 37 Ohio App.2d 7, 16, 66 O.O.2d 26, 306 N.E.2d 166, to assert that "R.C. 2151.34 * * * permits detainment of children in a juvenile detention home only until final disposition of their case. Thus, disposition may not include, as punishment or otherwise, confinement in a juvenile detention home."

{¶ 25} While R.C. 2151.34 does say that children may be detained in a juvenile detention facility until final disposition, when *In re Bolden* was decided, R.C. 2151.34 applied only to those children that were *alleged* delinquent. Effective March 3, 1997, R.C. 2151.34 was amended also to govern those children that have been *adjudicated* delinquent and now reads, "A child who is alleged to be or adjudicated a delinquent child may be confined in a place of juvenile detention * * *." Thus, with the subsequent addition of the more specific language of R.C. 2151.34, the legislature has chosen to make this sentencing option available to juvenile courts as a post-dispositional remedy.

{¶ 26} Moreover, as noted earlier, in this case, Hennessey has already served his sentence in the juvenile detention center and has been released. As a result, this court could not now provide him any effective relief in any event.

{¶ 27} " '[W]hen, pending an appeal from the judgment of a lower court without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal.' " *Petro v. Stoldt* (June 7, 2000), Seneca App. No. 13–99–68, at 3, 2000 WL 743706, quoting *Miner v. Witt* (1910), 82 Ohio St. 237, 239, 92 N.E. 21.

{¶ 28} Accordingly, appellant's second assignment of error must be overruled.

{¶ 29} Based on the foregoing, the judgment of the Juvenile Court of Mercer County is affirmed in part and reversed in part, and the matter is remanded to that court for further disposition in accordance with this opinion.

Judgment affirmed in part,
reversed in part
and cause remanded.

THOMAS F. BRYANT and HADLEY, JJ., concur.