OPINION
{¶ 1} Defendant-appellant, Foster Raypole, appeals the decision of the Juvenile Division of the Fayette County Court of Common Pleas finding him delinquent for committing an act that constituted the crime of attempted gross sexual imposition, and for finding him delinquent as a result of violating parole. We affirm in part, reverse in part, and remand the decision of the juvenile court.
 {¶ 2} On August 27, 1998, appellant was charged with being a delinquent child for having committed gross sexual imposition. On October 22, 1998, appellant entered an admission to attempted gross sexual imposition. The court committed appellant to the Department of Youth Services for a minimum of six months and a maximum term not to exceed his 21st birthday. The court suspended the commitment and placed appellant on probation. Appellant's Rules of Parole include the provision that "Foster will have no unsupervised contact with any individuals under the age of 18 years."
 {¶ 3} On January 6, 2001, appellant was observed at Wal-Mart with three individuals under the age of 18 years. On January 22, 2001, appellant was charged with parole violations. Appellant denied the charges. On March 8, 2001, after adjudication, appellant was found to be delinquent for parole violations.
 {¶ 4} On January 8, 2002, more than three years after his admission to attempted gross sexual imposition, appellant filed a notice of appeal of his 1998 adjudication. Appellant also filed a notice of appeal of his 2001 adjudication and commitment for parole violations. The delayed appeal was allowed because "it cannot be conclusively determined from the record that appellant was timely notified of the filing of the entries he seeks to appeal." This court has consolidated the appeals. Appellant raises five assignments of error, which will be addressed out of sequence for purposes of clarity.
Assignment of Error No. 1
 {¶ 5} "The trial court committed plain, reversible error when it failed to create a complete record in violation of Juv.R. 37(A)."
 {¶ 6} There is no recording or transcript of appellant's 1998 delinquency adjudication for attempted gross sexual imposition. Appellant argues that the trial court failed to make a record of the adjudicatory proceedings in violation of Juv.R. 37 and this adjudication and commitment must therefore be reversed.
 {¶ 7} Juv.R. 37(A) provides that "[t]he juvenile court shall make a record of adjudicatory and dispositional proceedings in * * * delinquency cases." Juvenile courts must strictly comply with the requirements of Juv.R. 37, and the failure to record adjudicatory or dispositional hearings invalidates a juvenile's plea regardless of whatever information may be contained in the rest of the court's paperwork. See In re Estep (June 26, 2002), Meigs App. No. 01CA2,2002-Ohio-6141, at ¶ 17, quoting In re Dikun (Nov. 28, 1997), Trumbull App. No. 96T-558. However, the court in Estep noted that "from the record it appears that the juvenile court made no attempt to record the proceedings." Id. at ¶ 20. This is not the case in appellant's proceedings.
 {¶ 8} Contrary to appellant's argument, there is evidence to support the state's claim that a recording was made. The Certificate for Court Reporter's Fees states that the delinquency proceeding for Foster Raypole, Case No. A980405, was recorded on October 22, 1998. The certificate indicates that Gayle Denen, the Fayette County Juvenile Court Reporter, made a recording of the proceeding on Tape No. 98-16, beginning at 2993 and ending at 3527.
 {¶ 9} While Juv.R. 37 requires a juvenile court to make a record of adjudicatory and dispositional proceedings, it does not require the court to keep the record indefinitely. Ohio courts are governed by the Rules of Superintendence. See State v. Corradetti, Lake County App. No. 2001-L-092, 2002-Ohio-6577, at ¶ 12, citing Forsyth v. Feinstein
(Feb. 18, 2000), Clark App. No. 99-CA-66. The Ohio Rules of Superintendence provide: "[d]elinquency and adult records shall be retained for two years after the final order of the juvenile division or one year after issuance of an audit report by the Auditor of State, whichever is later." Sup.R. 26.03(H)(1).
 {¶ 10} The evidence demonstrates that the juvenile court recorded the proceedings. However, the juvenile court is not required under Sup.R. 26.03(H)(1) to retain records for three years after the final order. Therefore, we find that while the recordings of the proceedings are not available, the juvenile court complied with Juv.R. 37. The first assignment of error is overruled.
Assignment of Error No. 3
 {¶ 11} "The trial court erred when it ordered that Foster Raypole be held in the Fayette County jail pending trial on the instant matters."
 {¶ 12} When appellant was arrested for parole violations and detained in the Fayette County jail, he was 18 years of age. However, appellant was less than 18 years of age at the time he committed the underlying attempted gross sexual imposition. Therefore, appellant argues, pursuant to R.C. 2151.011(A)(6)(b), he was a "child" according to Ohio law. Appellant argues, pursuant to R.C. 2151.312(B)(1)(a), that a child alleged to be adjudicated a delinquent child may not be held in a "state correctional institution, county, multicounty, or municipal jail * * *." Therefore, appellant argues the "Juvenile Court erred in detaining him in the Fayette County Jail."
 {¶ 13} The trial court attempted to place appellant in a juvenile facility. However, the juvenile detention center in Chillicothe would not accept appellant because he was over the age of 18. Notwithstanding the juvenile detention center's refusal, the juvenile court should have placed appellant in a juvenile facility. There is no authority for a juvenile court to commit a delinquent juvenile to a facility for adult offenders. At the time appellant committed his parole violation, "the plain language of R.C. 2151.355(A)(25) and 2151.312(D) prohibit[ed] the court from ordering a delinquent child to serve any time in the county jail even though he is chronologically an adult." In re Hennessey,146 Ohio App.3d 743, 746, 2001-Ohio-2267, at ¶ 18.
 {¶ 14} We find that, although it was error to place appellant in an adult facility, no prejudice has been demonstrated. The outcome of this action would not be different had appellant been placed in a juvenile facility. Therefore, the third assignment of error is overruled.
Assignment of Error No. 4
 {¶ 15} "The trial court violated Foster Raypole's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution, Article One, Section Sixteen of the Ohio Constitution, and Juv.R. 29(E)(4) when it adjudicated him delinquent of a parole violation for `unsupervised contact' with a minor."
 {¶ 16} Appellant argues his Due Process Rights were violated because he was "adjudicated a youth delinquent of a parole violation absent sufficient, competent, and credible proof that his contact with minor children was in violation of his parole." If a party denies the allegations, Juv.R. 29(E)(4) requires the juvenile court to "[d]etermine the issues by proof beyond a reasonable doubt in juvenile * * * delinquency * * * proceedings."
 {¶ 17} Appellant admits he was at Wal-Mart in the presence of three minors. However, appellant argues that he had permission from his social worker, Kuber Sharma, to have contact with his 17-year-old girlfriend. Appellant maintains that his 17-year-old girlfriend was supervising his contact with the three-year-old and one-year-old children. Therefore, appellant argues that the state failed to meet its burden of proof because his contact with the minors was supervised.
 {¶ 18} Appellant's Rules of Parole include the provision that "Foster will have no unsupervised contact with any individuals under the age of 18 years." Appellant's social worker, Sharma, testified that he gave appellant permission to go to Wal-Mart with his 17-year-old girlfriend because she was informed of appellant's attempted gross sexual imposition, she gave Sharma her address and social security number, and she stated that she did not have any children.
 {¶ 19} However, at appellant's probation violation hearing, Sharma was asked, "if you were aware of the children * * * would [appellant] have been permitted to be with these children?" Sharma answered, "he was not allowed to be with these children." Appellant answered yes when asked, "when you went to Wal-Mart you were aware of the fact that you were violating your parole?"
 {¶ 20} Appellant required permission to have contact with his 17-year-old girlfriend because she is "under the age of 18 years." Appellant was permitted to go to Wal-Mart with her. However, he was not given permission to have contact with the two children under the age of three. Since appellant did not seek permission to have contact with the other two individuals under the age of 18 years, appellant exceeded the scope of his permission to have contact with minors. Therefore, appellant was in violation of his Rules of Parole beyond a reasonable doubt. The fourth assignment of error is overruled.
Assignment of Error No. 5
 {¶ 21} "Foster Raypole's adjudication of delinquency for a parole violation in case no. 20012048 is against the manifest weight of the evidence."
 {¶ 22} In Case No. 20012048, appellant was charged with having unsupervised contact with "a 17 year old female, a 3 year old child and a 1 year old child," [sic] a violation of his parole. While appellant admits to the contact, he argues that the state failed to prove that the contact with the minor children was unsupervised. Appellant argues his 17-year-old girlfriend supervised his contact with the three-year-old and one-year-old children.
 {¶ 23} When deciding whether a conviction is supported by the manifest weight of the evidence, a court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the fact-finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52. An appellate court should vacate a conviction and grant a new trial only when the evidence weighs strongly against the conviction.State v. Martin (1983), 20 Ohio App.3d 172, 175. In addition, the reviewing court must be aware that the original trier of fact was in the best position to judge the credibility of the witnesses and the weight to be given to the evidence presented. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 24} Appellant's Rules of Parole state, "Foster will have no unsupervised contact with any individuals under the age of 18 years." Sharma observed appellant at Wal-Mart with his 17-year-old girlfriend and two persons under the age of three. Appellant did not have permission to have contact with any minors other than his 17-year-old girlfriend. Therefore, the fact-finder did not clearly lose its way and create such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The fifth assignment of error is overruled.
Assignment of Error No. 2
 {¶ 25} "Foster Raypole's admissions were not knowing, intelligent, and voluntary, as required by the Fifth andFourteenth amendments to the United States Constitution, Article 1, sections 10 and16 of the Ohio Constitution, and Juv.R. 29."
 {¶ 26} Appellant argues that the record is insufficient to establish that he knowingly, voluntarily, and intelligently waived his right to trial and entered an admission because the trial court failed to make a record of the adjudicatory proceedings. Appellant argues, therefore, his adjudication and commitment must be reversed.
 {¶ 27} Due process requires that litigants receive proper notice of final appealable orders. Atkinson v. Grumman Ohio Corp. (1988),37 Ohio St.3d 80, 86. While their names appear on the judgment entries sought to be appealed, there is no indication that these documents were ever served upon appellant, his mother or his attorney. There is no language that directs service upon appellant's mother or his attorney. Furthermore, the transcript of docket and journal entries prepared by the clerk provides no indication that either of the entries appellant seeks to appeal were ever served upon him, his mother or his attorney.
 {¶ 28} A party shall file a notice of appeal within 30 days of service of the notice of judgment and its entries if service is not made on the party within the three-day period set forth in Civ.R. 58(B). See App.R. 4(A). In denying appellee's motion to dismiss, this court determined that appellant's appeal, although three years after the date of entry, was timely because "it cannot be conclusively determined from the record that appellant was timely notified of the filing of the entries he seeks to appeal."
 {¶ 29} In the present case, the adjudicatory proceedings were tape-recorded. However, that tape recording was destroyed pursuant to Sup.R. 26.03(H)(1). Therefore, the record is silent regarding the proceeding at which appellant admitted to the charge of attempted gross sexual imposition.
 {¶ 30} Pursuant to App.R. 9(C), appellant has the burden to provide the record for appeal. When a portion or the entire transcript is unavailable, App.R. 9(C) and (D) provide the procedure for reconstructing the record. App.R. 9(C) permits an appellant to "prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." This statement must be served on the opposing party at least 20 days prior to the date for transmission of the record. App.R. 9(C); see, also, In re Hancock (Feb. 2, 2001), Montgomery App. No. 18238. In the instant case, no attempt to reconstruct the record pursuant to App.R. 9(C) has been made.
 {¶ 31} The Ohio Supreme Court has previously determined that if an appellant fails to provide the record for appeal, courts should presume the regularity of a lower court's proceedings. See Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199; In re Hannah (1995),106 Ohio App.3d 766, 768. However, the present case is distinguishable from Knapp because this matter involves the fundamental constitutional right of a juvenile defendant's waiver of his right to trial and a silent record.
 {¶ 32} The United States Supreme Court has held that a reviewing court cannot presume that a defendant voluntarily, knowingly, and intelligently entered a plea of guilty from a silent record. Boykin v.Alabama (1969), 395 U.S. 238, 242-244, 89 S.Ct. 1709. Furthermore, a form or stamp entry reciting that all rights have been fully explained "is not a substitute for a proper recording of proceedings." In re Hoover (Sept. 27, 2000), Summit App. No. 19284, at 4, citing State v. Minor (1979),64 Ohio App.2d 129, 131. Because the presumption is against a defendant's waiver of his right to trial, the state bears the burden of overcoming this presumption. State v. Dyer (1996), 117 Ohio App.3d 92, 95. Therefore, "the waiver must affirmatively appear in the record." Id.
 {¶ 33} In the instant case, appellant attempted to provide this court with the transcript of the proceeding at which he entered his admission to attempted gross sexual imposition. However, due to a lapse in time, the tapes had been erased and no transcript could be produced. As such, the record in this case is silent. However, no attempt was made to reconstruct the record pursuant to App.R. 9(C).
 {¶ 34} According to Juv.R. 29(F), upon determination of the issues, if the allegations of the complaint are admitted or proved, the court shall: "(3) Upon request make written findings of fact and conclusions of law pursuant to Civ.R. 52." Since the juvenile court complied with Juv.R. 37, but no attempt has been made to reconstruct the record pursuant to App.R. 9(C), this matter is remanded for findings of fact pursuant to Juv.R. 29(F)(3) for the limited purpose of determining whether appellant's waiver was knowingly, voluntarily, and intelligently given.
 {¶ 35} Judgment affirmed in part, reversed in part, and remanded to the trial court for further proceedings according to law and consistent with this opinion.
VALEN, J., concurs.
WALSH, P.J., dissents in part and concurs in part.