In re Cox. (Two cases.)

(Nos. 72 C. of A. 80 and 72 C. of A. 81—Decided
May 15, 1973.)

Appeal: Court of Appeals for Mahoning County.

66

*Mr. Vincent E. Gilmartin,* prosecuting attorney, and *Mr. John A. Kicz,* for appellee.

*Mr. A. Robert Steiskal,* for appellants Edward Cox and Jerry Cox.

LYNCH, P. J.   These are two separate cases with the same fact situations in which two brothers, while under the age of eighteen, were found delinquent by the juvenile court but left the jurisdiction of the juvenile court before they could be sent to the Ohio youth commission. They both returned to the jurisdiction of the juvenile court after they were over the age of twenty-one. Both brothers, appellants herein, are appealing the order of the juvenile court which committed both of them to the Mahoning County jail for a period of six months, pursuant to R. C. 2151.355 (I).

These cases raise the question, for the first time in this court, of the extent of the dispositional authority of the juvenile court over such persons under these circumstances.

On May 11, 1968, two complaints were filed against Edward and Jerry Cox, both of whom were under the age of eighteen years, for committing an assault and battery upon Bruce Jardine in violation of R. C. 2901.25, which is a misdemeanor. The case was heard before a referee.

The pertinent findings of fact of Referee Joseph R. Bryan, which were approved December 11, 1972, in both cases as the final order of the juvenile court, are as follows:

"2. Trial was held on the charge. The subject child was represented by counsel at the trial. He was found to have violated O. R. C. 2901.25 by beating one Bruce Jardine with an angle iron. As a result of the beating, the victim was hospitalized and required medical treatment. The evidence was found to have established the facts of the violation 'clearly and without reasonable doubt' (Referee's Findings and Recommendations). Subject child was adjudicated a delinquent as defined in Chapter 2151, Ohio Revised Code (Section 2151.02).

"3. Subsequent to the adjudication of delinquency, hearing on disposition was set for October 16, 1968. At

that time, the Court was advised the subject child had left the jurisdiction, and his whereabouts were unknown. An entry was docketed committing the subject child to the permanent custody of the Ohio Youth Commission. In fact, the order was never effected, and the Ohio Youth Commission never received custody.

"4. At the time of the offense, the trial, the adjudication, and the dispositional hearing and entry, the subject child was a child as defined in O. R. C. 2151.011 (B) (1).

"5. No further proceedings or events took place until the subject child recently returned to this jurisdiction, and was apprehended in Mahoning County. He was placed in jail on October 25, 1972."

At the time of the last hearing Edward Cox was twenty-two years of age and Jerry Cox was twenty-one years of age.

R. C. 2151.011 (B)(1) provides for a statutory definition of "child" which includes any person who violates any law whether federal, state or municipal ordinance prior to attaining eighteen years of age irrespective of his age at the time the complaint is filed or hearing had thereon.

We hold that the juvenile court had jurisdiction over both appellants.

The juvenile court's dispositional authority under the facts of this case is provided in R. C. 2151.355. The first three paragraphs of this section concern persons under eighteen years of age.

R. C. 5139.05(C) provides that the Ohio youth commission's jurisdiction automatically terminates when a person attains the age of twenty-one years. Therefore, R. C. 2151.355(D) is inapplicable to this case.

Under the facts in this case, the juvenile court was limited to the following dispositions under R. C. 2151.355:

"* * * (F) Impose a fine not to exceed fifty dollars * * *

"(I) Make such further disposition as the court finds proper."

The juvenile court held that in view of the acts com-

mitted by appellants, R. C. 2151.355(F) was not appropriate and under the circumstances of this case the juvenile court had authority under R. C. 2151.355(I) to treat appellants as adults and to impose upon them the penalty prescribed by the statute which they violated and which constituted the basis for the adjudication of delinquency. The previous order of the juvenile court committing appellants to the Ohio youth commission was vacated and set aside and appellants were ordered committed to the Mahoning County jail for a period of six months subject to further order of court and with credit for whatever time they had been held therein pending these proceedings. The penalty conforms to R. C. 2901.25 which is the statute that the juvenile court found both appellants had violated "clearly and without reasonable doubt" as a basis for the adjudication by the juvenile court in 1968 that both appellants were delinquent.

Appellants' first assignment of error is that the juvenile court exceeded its jurisdiction by making a final commitment of them to the county jail inasmuch as there is no specific statutory provision for such action.

Appellants' second assignment of error is that the order of the juvenile court committing appellants to a county jail without specific statutory provision for such commitment violates the due process clause of the fifth and fourteenth amendments of the United States Constitution.

We will discuss both of these assignments of error together, because they are interrelated.

Neither counsel cited any case authority pertinent to the question raised in this case so we must decide these cases on the applicable statutes.

We hold that the authority of the juvenile court under R. C. 2151.355 (I) is limited to dispositions provided by other statutes.

R. C. 2151.011 (B)(2) defines "adult" as an individual eighteen years of age or older. Therefore, appellants were adults when they appeared before the juvenile court in 1972 even though the juvenile court had jurisdiction over them

because they had violated a state law prior to attaining eighteen years of age.

Appellants contend, in effect, that even though the juvenile court had jurisdiction over appellants, the legislature did not provide any authority to the juvenile court to incarcerate these appellants on a final order. Even though appellants were in continuous contempt of the juvenile court from 1968 until they appeared before the court in 1972, because they disobeyed the order of the juvenile court to report to the Ohio youth commission (R. C. 2705.-02), they claim that the legislature has made no provision to cover this situation.

R. C. 2151.01 provides that the sections in R. C. Chapter 2151 shall be liberally interpreted and construed with the exception of those sections providing for the criminal prosecution of adults. We feel that the main purpose of this provision is to cover fact situations where adults violate the criminal provisions covered by R. C. Chapter 2151 while they are adults. However, we also feel that this provision reflects a legislative intent that the remaining provisions of R. C. 2151.01 are primarily enacted for the benefit of persons under eighteen years of age. Such protections would probably extend to persons over eighteen years of age who would come under the jurisdiction of the juvenile court under R. C. 2151.011 (B)(1) if such persons complied with the other provisions of the juvenile court.

However, in the instant case, appellants contemptuously defied the order of the juvenile court to report to the Ohio youth commission by leaving the jurisdiction of such court until they were over twenty-one years old. Now that they are over twenty-one years old, they contend that they must be given the same protections under the law as a person under eighteen years old and since they circumvented such provisions by leaving the jurisdiction of the juvenile court until they were over twenty-one years old, no court can do anything to them.

We feel that appellants had their opportunity to take advantage of the protective provisions of R. C. Chapter

2151 in 1968 by complying with the order of the juvenile court to report to the Ohio youth commission. We hold that when a child as defined by R. C. 2151.011 (B) (1), who has been adjudicated a delinquent, leaves the jurisdiction of the juvenile court so that such court can not dispose of his case until he is over twenty-one years of age, he is an adult within the meaning of R. C. 2151.01.

We feel that this holding conforms with the legislative intent of R. C. Chapter 2151. In addition, we feel that appellants are estopped from claiming the protective provisions of R. C. Chapter 2151 pertaining to persons under eighteen years of age when they contemptuously defied the order of the juvenile court to report to the Ohio youth commission by leaving the jurisdiction of such court until they were twenty-one years old.

The next question is whether the juvenile court had the authority to commit these appellants to the county jail pursuant to R. C. 2901.25.

R. C. 2151.34, which prohibits the commitment of any child under eighteen years old, to any prison or jail is inapplicable to this case because appellants are now over eighteen years old.

We hold that when a child, as defined by R. C. 2151.011 (B) (1), who has been adjudicated a delinquent beyond a reasonable doubt, leaves the jurisdiction of the juvenile court so that such court can not dispose of his case, the juvenile court has authority under R. C. 2151.355 (I) to treat such person as an adult and to impose upon such person the penalty prescribed in the statute he violated and which constituted the basis for the adjudication of delinquency.

We hold that both appellants' assignments of error are without merit.

*Judgment affirmed.*

DONOFRIO and O'NEILL, JJ., concur.