**In re J.B.**

Court of Common Pleas of Ohio,
Cuyahoga County,
Juvenile Division.

No. 8914948.

Decided June 13, 1995.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Allison Little,* Assistant Prosecuting Attorney, for the state of Ohio.

*Thomas Shaper,* for J.B.

---

PETER M. SIKORA, Judge.

The sole issue in this case is whether a juvenile court retains jurisdiction over a person who was under the age of eighteen years at the time that he allegedly committed delinquency offenses, and over the age of twenty-one years before the adjudicatory and dispositional hearings were conducted on the delinquency complaints.

On December 12, 1989, the Cleveland Police Department filed two delinquency complaints against J.B., alleging that on October 17, 1989, he committed the offenses of aggravated robbery and felonious assault. At the time of the alleged offense, J.B. was a child of the age of sixteen and a half years. The case was initially scheduled for an arraignment hearing on January 18, 1990. Neither J.B. nor his parents were present for the hearing, although it cannot be determined from the court documents whether they were served with summons. The case was continued to January 23, 1990. Again J.B. and his parents failed to appear, and again the court documents are silent as to whether service was ever perfected on these parties. Therefore, the case was continued to March 6, 1990, and the record indicates that J.B. and his parents were served with summons for this hearing. Due to their failure to attend this hearing, the court ordered that a warrant be issued for the arrest of J.B. The warrant was issued on March 9, 1990, but J.B. was never arrested.

Thereafter, sometime in 1994, J.B. came to the attention of the court on another matter. As a result, the within case was set for hearing on August 11, 1994, at which time J.B. was over the age of twenty-one years. The case was heard on several different dates in 1994 and 1995, resulting in an adjudication of delinquency and dispositional order on February 24, 1995. J.B. was present for all such hearings.

R.C. 2151.011(B)(1) defines a "child" as "a person who is under the age of eighteen years, except that any person who violates a federal or state law or municipal ordinance prior to attaining eighteen years of age shall be deemed a 'child' *irrespective of his age at the time the complaint is filed or the hearing on the complaint is held * * *.*" (Emphasis added.) A similar definition of child is contained in Juv.R. 2(D). Moreover, R.C. 2151.27(B), which governs complaints filed in juvenile court, provides that if a child allegedly commits a delinquency offense, and if the complaint is not filed or a hearing is not held until after the child reaches age eighteen, the court has jurisdiction to hear and dispose of the complaint as if the complaint were filed and the hearing held before the child reached the age of eighteen years.

The case law interpreting the term "child" also supports the proposition that J.B. legally remains a "child" for the purpose of this matter, although chronologically he is an adult. In *In re Cox* (1973), 36 Ohio App.2d 65, 65 O.O.2d 51, 301 N.E.2d 907, the Court of Appeals for Mahoning County upheld the jurisdiction of the juvenile court to impose dispositional orders on two brothers who had been adjudged delinquent before they reached age eighteen, but who had left the jurisdiction of the juvenile court prior to the dispositional hearing, and did not return to the court's jurisdiction until after they had attained the age of twenty-one years. In reaching its decision, the appellate court relied on the definition of

"child" contained in R.C. 2151.011(B)(1). Unlike the factual situation in *Cox*, in the case at bar the child had not been adjudged delinquent prior to age twenty-one, nor is there conclusive evidence that the child intentionally avoided the court's jurisdiction prior to attaining age twenty-one. However, these distinctions do not affect the underlying jurisdictional determination. In *In re McCourt* (Aug. 26, 1993), Belmont App. No. 93–B–1, unreported, 1993 WL 327677, the Belmont County Court of Appeals held that a juvenile court had jurisdiction over an alleged delinquent who was seventeen years of age when the alleged offense occurred, even though he was twenty-four years of age when the complaint was filed. As in *Cox*, the court in *McCourt* relied on the broad language of R.C. 2151.011(B)(1), which excludes any maximum age limit in its definition of "child."

In a case involving a factual situation almost identical to *McCourt*, a juvenile court in *In re C.* (1991), 61 Ohio Misc.2d 610, 580 N.E.2d 1182, arrived at a decision opposite to *McCourt*. In *C.*, a delinquency complaint was filed in juvenile court against a person who was age twenty-one for an offense that allegedly occurred when he was age fourteen. The court held that it did not have jurisdiction to hear the matter despite the definition of "child" contained in R.C. 2151.011(B)(1). The court stated that the statute "must be construed in light of other statutory provisions in order to be meaningful. It appears clear to the court that age twenty-one is the limit of juvenile court jurisdiction." In support of its decision, the court cited R.C. 2151.355(A)(5), which establishes age twenty-one as the maximum age for commitment of a delinquent child to the Department of Youth Services. However, the court did not cite any other statute on the extent of juvenile court jurisdiction generally and, in fact, no such statute exists. A prior version of R.C. 2151.38(A), the statute which governs the duration and termination of juvenile court jurisdiction, provided that commitments made by the court (other than commitments to the Department of Youth Services) were temporary and continued until, at the latest, the child attained the age of twenty-one. The term "commitment," although specific in nature, was generally regarded by the courts as authority for jurisdiction in all cases to extend only until the child attained the age of twenty-one. See Kurtz & Giannelli, Ohio Juvenile Law (3 Ed.1994), Section T 8.01(B). However, this provision was deleted from the statute in 1989, and there is currently no general statute which establishes a maximum age for the duration of juvenile court jurisdiction.

Moreover, even if the decision in *C.* is sound, the court in *C.* distinguished its facts from those in *Cox*. Unlike *Cox*, which dealt with individuals who were properly before the court prior to age twenty-one, the alleged delinquent in *C.* was not charged until after he was twenty-one years of age. The case at bar is more analogous to *Cox* than to *C.*, because the complaints against J.B. were filed when he was age sixteen.

Thus, both statutory and case law support the conclusion that this court retains jurisdiction to adjudicate and dispose of the delinquency complaints filed against J.B. In addition, public policy considerations support this conclusion. R.C. 2151.25 provides that proceedings against alleged delinquent children must be initiated in the juvenile court, and must be transferred to the juvenile court if the child is taken before an adult court judge. Likewise, R.C. 2151.26(E) states, "No child, either before or after reaching eighteen years of age, shall be prosecuted as an adult for an offense committed prior to becoming eighteen, unless the child has been transferred as provided in this section." If the juvenile court was determined not to have jurisdiction under the facts elicited in the case at bar, then no forum would be available to address and redress the delinquency offenses which J.B. was alleged to have committed.

Nonetheless, it is true that because J.B. is presently beyond the age of twenty-one years, the dispositional options set forth in R.C. 2151.355(A) are, to a certain extent, limited. For instance, an order of commitment to the Department of Youth Services pursuant to R.C. 2151.355(A)(4) or (5) is not permitted because J.B. has passed the statutory age jurisdiction of the department. Moreover, although the court in *Cox* permitted the juvenile court to impose adult penalties on the children who had left the court's jurisdiction until they reached age twenty-one, this option is now limited by R.C. 2151.355(A)(11), which prohibits placing a delinquent in an adult jail or other adult institution.

In light of the above analysis, it is held that this court retains jurisdiction to adjudicate and dispose of the delinquency complaints filed against J.B. Based on J.B.'s admission to the complaints as amended, the court finds J.B. to be a delinquent child. Pursuant to R.C. 2151.355(A)(7), (8), and (11), it is ordered that J.B. is committed to the supervision of himself, is to pay the court costs of $100 within sixty days, is referred to the Victim Aid and Restitution Program, and is to pay $400 to the victim.

*So ordered.*