This timely appeal comes for consideration upon the record in this case, the parties' briefs and their oral argument to this Court. Appellant Keon Richardson (hereinafter "Richardson"), appeals the judgment of the Mahoning County Common Pleas Court, Juvenile Division, committing him to the Department of Youth Services for a minimum of five years and a maximum of his attainment of twenty-one years for four acts of complicity to felonious assault. The dispositive issue before us is whether the trial court had the discretion to commit Richardson to more than a one year minimum period. Because we conclude the trial court lacked the discretion to commit Richardson for a minimum of five years, we reverse in part the decision of the trial court and remand this case for a new dispositional hearing.
On November 21, 2000, the State filed a complaint against Richardson in the Mahoning County Court of Common Pleas, Juvenile Division. The complaint alleged Richardson, a sixteen-year old minor, was a passenger in a vehicle involved in a drive-by shooting, during which four victims were wounded, two of which were infants. The complaint charged Richardson as being delinquent for committing four counts of complicity to felonious assault in violation of R.C. 2903.11 and R.C. 2923.03, felonies of the second degree if committed by an adult, and carrying a potential sentence of sixty years. On the same day, the State also filed a motion to relinquish jurisdiction of the juvenile. The case was then set for a probable cause hearing on March 14, 2001.
At that hearing, the State withdrew its motion to transfer to the adult court and moved to dismiss three counts of the complaint. The complaint was amended to allege Richardson's acts of delinquency were committed against four victims under a single count of complicity to felonious assault. The prosecutor then recommended a minimum period of five years committal to the Department of Youth Services. Richardson then entered a plea of admission to the amended complaint. The disposition immediately followed the plea, at which time the trial court committed Richardson to the Department of Youth Services for a minimum of five years and a maximum of his attaining age twenty-one. It is from that judgment Richardson now appeals.
Because we conclude the trial court abused it's discretion by imposing a minimum commitment period contrary to the statutory confines as clarified by controlling case law, we reverse the decision of the trial court and remand the matter for a new dispositional hearing. In light of our resolution of this assigned error, Richardson's second assignment of error alleging ineffective assistance of counsel is rendered moot.
In his first assignment of error, Richardson argues:
 "The trial court erred when it committed Keon Richardson to a minimum of five (5) years and a maximum of his attainment of age twenty-one (21) in the Department of Youth Services for complicity of felonious assault, a felony of the second degree if committed by an adult."
Richardson admitted to acts against four separate victims which were consolidated into one count of complicity to felonious assault, a felony of the second degree if committed by an adult. The applicable statutory provisions would be R.C. 2151.355(A)(5)(c) and R.C. 2151.355(A)(25) (formerly R.C. 2151.355 (I))[1] which state, in relevant part:
"(A)If a child is adjudicated a delinquent child, the court may make any of the following orders of disposition:
"* * *
"(c) If the child is adjudicated a delinquent child for committing anact that is not described in division (A)(5)(a) or (b) of this section and that would be a felony of the first or second degree if committed by an adult, commit the child to the legal custody of the department of youth services for institutionalization in a secure facility for an indefinite term consisting of a minimum period of one year and a maximum period not to exceed the child's attainment of twenty-one years of age.
"* * *
"(25) Make any further disposition that the court finds proper, except that the child shall not be placed in any state correctional institution, county, multicounty, or municipal jail or workhouse, or other place in which an adult convicted of a crime, under arrest, or charged with a crime is held." Id. (Emphasis added.)
Unless the juvenile court exceeds the statutory sentencing guidelines or abuses its discretion, which would suggest the court's attitude is unreasonable, arbitrary or unconscionable, the court of appeals will not reverse its decision. In re Kopnitsky (Sept. 30, 1999), 7th Dist. No. 96 CA 215. Richardson claims his commitment does not conform with the statutory guidelines set forth in R.C. 2151.355 (A)(5)(C) because the five year minimum commitment ordered by the trial court is not statutorily authorized. The State counters by explaining the trial court did not make its disposition of Richardson's case solely upon that provision, it relied upon the language of R.C. 2151.355(A)(25) as well, which as stated above, allows the trial court to "make any further disposition that the Court finds proper", thereby justifying a minimum sentence in excess of one year.
Richardson responds, and we agree, that the scope of a juvenile court's powers to `make any further disposition' is not without limit. Pursuant to the decision of In re Cox (1973), 36 Ohio App.2d 65, 301 N.E.2d 907 "the authority of the juvenile court under R.C. 2151.353(I) is limited to dispositions provided by other statutes." Id. at 69. There are many statutes, Richardson contends, which illustrate a legislative intent that juveniles are committed to the Department of Youth Services through R.C.2151.355(A)(4) through (7) only. Richardson first cites R.C. 5139.06(A)(2), which directs the DYS to "maintain the child in institutional care or institutional care in a secure facility for the required period of institutionalization in a manner consistent with division A(4), (5), (6) or (7) of Section 2151.355." Id. Richardson also refers to R.C. 5139.05, which in relevant part provides:
"Any order to commit a child to an institution under the control and management of the department shall have the effect of ordering that the child be committed to the department and assigned to an institution as follows:
"(1) For an indefinite term consisting of the prescribed minimum period of time and a maximum period not to exceed the child's attainment of twenty-one years of age, if the child was committed pursuant to division (A)(4) or (5) of section 2151.355 of the Revised Code"
Nonetheless, the State maintains the General Assembly intended to give the trial court a broad range of discretion in implementing dispositions for juveniles, citing the Ohio Supreme Court decision of In re Caldwell
(1996), 76 Ohio St.3d 156, 666 N.E.2d 1367.
The Court in Caldwell was presented with a juvenile who was found delinquent in two actions, and the first alleging one count of receiving stolen property, and the second alleging two counts of aggravated vehicular assault. The trial court ordered three consecutive indeterminate commitments with a minimum of six months each. The Supreme Court determined this was an appropriate disposition, explaining even though the statute does not specifically provide for consecutive commitments,
"[a] child who commits two separate robberies, each with a single victim on two separate days may need less rehabilitation than a child who robs ten different people in a store at one time. The court must look at not only the delinquent act but also the overall conduct and behavior of the juvenile, the juvenile's history, the remorse shown by the juvenile and other societal factors that determine what length of commitment is appropriate for rehabilitation.
"In addition, R.C. 2151.355(A)(4) stated that the court may order commitment of a child `adjudicated delinquent by reason of having committed an act * * * for an indefinite term consisting of a minimum period of six months.' (Emphasis added.) When this subsection is read together with the phrase `[m]ake any further disposition that the court finds proper,' it is clear that a term of commitment applies to an individual act. The court may order a separate disposition for each separate act committed.
"* * *
"When a delinquent child has exhibited little remorse for his or her actions, has committed multiple delinquent acts and exhibited little respect for the safety of others, a court may determine that a longer period may be necessary for the child to be rehabilitated. The trial court has the opportunity to see and hear the delinquent child, to assess the consequences of the child's delinquent behavior, and to evaluate all the circumstances involved. The statute authorizes the court to issue orders of disposition appropriate to each child." Id. at 160-161.
The analysis in Caldwell is consistent with the language of the statute. Both speak to the act of the juvenile as a basis of a single minimum sentence, rather than an action, count or complaint filed against the juvenile. Consequently, we conclude it may have been appropriate for the trial court in this case to impose consecutive sentences for each victim of Richardson's delinquent acts. Richardson was originally charged with four separate counts of complicity to felonious assault, with each victim serving as the basis for each count. Although the amended complaint contained only one count of complicity to felonious assault, that sole count was nonetheless based upon Richardson's acts committed against four separate victims. As such, the trial court could have committed Richardson for four consecutive minimum one year terms for Richardson's acts against four separate victims.
However, we find no authority to support the trial court's decision to impose a five year minimum commitment under the circumstances. Upholding such a commitment would make the dispositional guidelines wholly irrelevant. When ordering consecutive commitments, the trial court is contemplating the prescribed disposition for each act and applying the appropriate commitment designated by the General Assembly for each particular act. By stepping entirely outside the dictates of R.C. 2151.355
the trial court abused its discretion when ordering Richardson to a five year minimum commitment. We remand the matter for a new dispositional hearing, as the juvenile court is in the best position to determine the appropriate term of commitment in order to facilitate Richardson's rehabilitation, namely consecutive or concurrent one year minimum periods. Caldwell, supra.
Richardson's remaining assignment of error alleges he received ineffective assistance of counsel. However, our disposition of Richardson's first assignment of error renders this claim moot.
For the foregoing reasons, the decision of the trial court is reversed and the matter is remanded for a new dispositional hearing consistent with this Court's opinion.
Vukovich, P.J., concurs.
Donofrio, J., concurs.
[1] Subsequent to the proceedings in the trial court, R.C. 2151.355 was repealed, and its provisions are now contained in other statutory sections. See R.C. 2152.19.