DECISION
{¶ 1} R.B.A. is appealing from the revocation of his probation by the Juvenile Branch of the Franklin County Court of Common Pleas, Division of Domestic Relations. He assigns a single error for our consideration:
 The Juvenile Court committed plain error by entering committing Appellant to the permanent custody of the Ohio Department of Youth Services based upon a procedure that did not comply with constitutional safeguards. *Page 2 
 {¶ 2} On May 19, 2006, R.B.A. entered admissions to conduct which would constitute aggravated robbery and robbery if he were an adult. He was placed on probation.
 {¶ 3} Less than four months later, the probation department filed a motion seeking to have the probation revoked. R.B.A. initially denied that his probation should be revoked. At a subsequent hearing conducted on February 21, 2007, R.B.A. admitted the allegations in a second motion to revoke probation along with entering admission to two new criminal violations. The admission was entered before a magistrate of the juvenile court.
 {¶ 4} The magistrate accepted the admission and placed R.B.A. in the custody of the Ohio Department of Youth Services for a minimum of one year and to a maximum of his attaining age 21. No objections were filed to the magistrate's action and report. The report was journalized by a judge on March 2, 2007.
 {¶ 5} Because no objection was filed to the magistrate's decision, we can consider only plain error. See Juv.R. 40(D)(3)(b)(iv).
 {¶ 6} Revocation of probation proceedings are governed by Juv.R. 35(B), which reads:
 Revocation of probation. The court shall not revoke probation except after a hearing at which the child shall be present and apprised of the grounds on which revocation is proposed. The parties shall have the right to counsel and the right to appointed counsel where entitled pursuant to Juv. R. 4(A). Probation shall not be revoked except upon a finding that the child has violated a condition of probation of which the child had, pursuant to Juv. R. 34(C), been notified. *Page 3 
 {¶ 7} The magistrate hearing R.B.A.'s case did, in fact, comply with Juv.R. 35(B). A hearing was conducted. His probation was revoked as a result of a motion which was filed and which listed violations of the terms of his probation. He had counsel. He admitted the violation of his probation and he admitted committing new criminal offenses.
 {¶ 8} The following interchange is in the transcript of the hearing conducted February 21, 2007:
 [Attorney on behalf of State]: — for today's hearing. And as far as 07JU1355, it's the State's understanding that [R.B.A.] will enter admissions on that case to the Falsification and Drug Paraphernalia.
 [Magistrate]: All right. Is that correct * * * ?
 [Attorney on behalf of R.B.A.]: That's correct.
 [Magistrate]: Do you understand the charges, R.B.A.?
 [R.B.A.]: Yes, sir.
 [Magistrate]: If you admit, then no trial, no right to remain silent, no questioning witnesses, maximum — let's see, you're on probation for —
 [Attorney on behalf of State]: Felony One and Felony Two Aggravated —
 [Magistrate]: Okay —
 [Attorney on behalf of State]: Robbery and Robbery.
 [Magistrate]: maximum $1,500 fine, loss of driving privileges, placement, you could go to the Department of Youth Services for at least a year, you could be held here up to 90 days, you understand that?
 [R.B.A.]: Yes, sir.
 [Magistrate]: All right. Two years after everything's done, you could ask that your record be sealed. Is it true you wish to *Page 4 
admit the probation violation and the Paraphernalia and Falsification charge?
 [R.B.A.]: Yes, sir.
(Tr. 3-4.)
 {¶ 9} Following this interchange, an extensive statement of facts was recited, including the fact that R.B.A. violated the terms of his electronic monitoring, was on the run for two months and tested positive for a controlled substance once he was apprehended.
 {¶ 10} No plain error occurred. The single assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
Judgment affirmed.
 SADLER, P.J., and McGRATH, J., concur. *Page 1