OPINION
{¶ 1} Appellant, B.J.C., appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, revoking appellant's probation and committing him to the custody of the Department of Youth Services ("DYS"). Appellant assigns a single error:
 The court erred by not complying with Juvenile Rule 29(D), which forbids accepting an admission without addressing a delinquent child personally, and determining that the admission is made voluntarily and with understanding of the nature of the allegations. *Page 2 
Because (1) Juv. R. 35, not Juv. R. 29(D), applies to probation revocation proceedings, and (2) the trial court did not commit plain error in administering the requirements of Juv. R. 35, we affirm.
 {¶ 2} On May 1, 2006, a complaint was filed alleging appellant was a delinquent child for having committed four acts that, if committed by an adult, would constitute the offense of rape in violation of R.C. 2907.02. Appellant entered an admission to the first charge alleging digital penetration; the state dismissed the other three charges. At the dispositional hearing held on November 9, 2006, the court placed appellant on official probation, prescribing both standard and particularized terms and conditions, until January 2008 or successful completion of all conditions of probation.
 {¶ 3} On January 3, 2007, a motion to exercise continuing jurisdiction was filed in the juvenile court, alleging appellant violated the terms and conditions of his probation by possessing sexually explicit material and by using the Internet. As a result of the allegations, the court appointed an attorney for appellant. At a hearing held on February 9, 2007, appellant entered an admission and was found to have violated his probation. His probation was continued. Two other subsequent motions to exercise continuing jurisdiction filed in the juvenile court resulted in appellant's probation being left in tact.
 {¶ 4} On September 11, 2007, an additional motion to exercise continuing jurisdiction was filed in the juvenile court, alleging appellant failed to attend a sex offender counseling appointment and, in addition, shoplifted a radio and two batteries from a Wal-Mart store. At the initial hearing on the motion, the court determined appointment of counsel was necessary and continued the matter. Appellant subsequently appeared with *Page 3 
counsel on October 5, 2007 and admitted he violated the conditions of his probation. Through its magistrate, the juvenile court terminated appellant's probation and committed him to the custody of DYS for a minimum period of one year or a maximum period not to exceed appellant attaining his 21st birthday. The trial court adopted the magistrate's decision and entered judgment accordingly.
 {¶ 5} In his single assignment of error, appellant contends the trial court erred in failing to comply with the requirements of Juv. R. 29(D) when it accepted his admission to violating the terms of his probation. Initially, we note appellant failed to object to the magistrate's decision and, as a result, waived all but plain error in the proceedings before the magistrate. Juv. R. 40(D)(3)(b)(iv) (stating that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Juv. R. 40[D][3][b]").
 {¶ 6} Relying on Juv. R. 29(D), appellant contends the trial court, before accepting his admission to the alleged probation violation, should have inquired of him to determine that he was making the admission voluntarily and with an understanding of the nature of the allegations against him. Juv. R. 29(D) states the court shall not accept an admission without addressing the party personally and determining both that (1) the party is making the admission voluntarily with an understanding of the nature of the allegations and the consequences of the admission, and (2) the party understands the admission waives the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence in the adjudicatory hearing. *Page 4 
 {¶ 7} This court addressed the issue raised in appellant's assigned error and determined the provisions of Juv. R. 29 do not apply to juvenile court proceedings for revocation of probation. In reR.B.A., Franklin App. No. 07AP-265, 2007-Ohio-5407. See, also, In reRogers (May 23, 2001), Summit App. No. 20393 (concluding "the provisions of Juv. R. 29 do not apply to probation violation hearings"). Rather, probation proceedings are administered under Juv. R. 35(B). In reMotley (1996), 110 Ohio App.3d 641; In re Nowak (1999),133 Ohio App.3d 396. According to Juv. R. 35(B), the juvenile court may not revoke probation except after a hearing where the child is present and "apprised of the grounds on which revocation is proposed." The rule specifically provides that probation may not be revoked "except upon a finding that the child has violated a condition of probation of which the child had, pursuant to Juv. R. 34(C), been notified."
 {¶ 8} Here, the September 11, 2007 motion to exercise continuing jurisdiction was first considered in the juvenile court on September 20, 2007, where appellant was advised of how he allegedly violated the terms and conditions of his probation. The magistrate then appointed counsel for appellant, and the hearing was terminated. At the subsequent hearing held on October 5, 2007, counsel for the state and appellant's counsel both advised the magistrate that appellant intended to enter an admission to the allegations set forth in the motion. The court inquired whether appellant remembered he had a right to trial on the motion, to question witnesses on his behalf, to subpoena witnesses into court to testify on his behalf, and to present any evidence he wanted the court to consider. Appellant stated he understood. The magistrate continued by explaining that at a trial on the motion appellant would have the right to remain silent and *Page 5 
to compel the state's attorney to present enough evidence against appellant to prove his guilt beyond a reasonable doubt. Again, appellant stated he understood.
 {¶ 9} The magistrate further advised that his admission would eliminate any trial that day, allowing the court to proceed to sentencing. She further informed that, due to his lengthy history with the court, the recommended sentence was permanent commitment. She, however, explained that as a legal matter his probation could be extended, children's services could be involved in his custody or care, or he could be fined. She also noted driving rights could be affected, he could be held for up to 90 days for evaluation, and the court could order any programs it felt to be in his best interest. She, however, again emphasized the recommendation for permanent commitment. When she asked whether appellant understood those things, appellant responded affirmatively. She then inquired whether appellant had any questions, and he stated he did not.
 {¶ 10} Finally, the magistrate stated that by entering an admission to the alleged violations, appellant would be admitting he violated the rules of his probation in missing an appointment with his counselor and in taking items from a Wal-Mart store without paying for them. Appellant explained that after his appointment with his counselor was cancelled, appellant called the counselor but the counselor did not return his phone call. Appellant, however, admitted he stole a radio and batteries from a Wal-Mart store. At the conclusion of the hearing, the magistrate revoked appellant's probation and committed him to the custody of DYS.
 {¶ 11} The magistrate's dialogue with appellant discloses no plain error. At the hearing on the probation revocation, appellant was apprised of the various ways in which he allegedly violated the terms and conditions of his probation. With counsel present, *Page 6 
appellant was advised of all that Juv. R. 35 requires. Indeed, the magistrate covered many, if not all, of the items Juv. R. 29(D) prescribes before the court may accept an admission for an offense, even though the requirements of Juv. R. 29(D) do not apply to proceedings to revoke probation.
 {¶ 12} Because the trial court did not commit plain error, we overrule appellant's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
 McGRATH, P.J., and BROWN, J., concur. *Page 1